IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03283

DUKE BRADFORD, *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF LABOR, *et al.*,

    Defendants.

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

April 14, 2022, before Magistrate Judge Scott T. Varholak

Caleb J. Kruckenberg
Michael Poon
Steve M. Simpson
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 610
Arlington, VA 22201
Attorneys for Plaintiffs

Taisa M. Goodnature
Justin M. Sandberg

1

U.S. Department of Justice
Civil Division
1100 L Street NW
Washington, DC 20530
Attorneys for Defendants

## 2. STATEMENT OF JURISDICTION

In their complaint Plaintiffs have challenged a final rule issued by Defendants, *Increasing the Minimum Wage for Federal Contractors*, 86 Fed. Reg. 67,126 (Nov. 24, 2021). Plaintiffs argue that the challenged administrative rule is invalid under 5 U.S.C. § 706(2)(A) and (C) and the U.S. Constitution's Non-Delegation Provisions in Article I, §1, and Article II, §3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs challenge the statutory and constitutional validity of the rule.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Plaintiffs challenge a final rule issued by Defendants, *Increasing the Minimum Wage for Federal Contractors*, 86 Fed. Reg. 67,126 (Nov. 24, 2021). They contend the rule was issued in excess of statutory authority, and thus invalid under 5 U.S.C. § 706(2)(C), because it exceeds the President's authority to direct the Department of Labor's rulemaking process under the Federal Procurement Act, 40 U.S.C. § 101, *et seq.* Plaintiffs also argue that the rule is arbitrary and capricious agency rulemaking, and thus void under 5 U.S.C. § 706(2)(A). Plaintiffs finally argue in the alternative that if

the rule is otherwise valid agency action, then the Procurement Act unconstitutionally delegates legislative power to the President and the agency, in violation of Article I, § 1 and Article II, § 3 of the U.S. Constitution.

    b. Defendants:

Plaintiffs' claims lack merit. The challenged rule, which implements Executive Order 14,026, falls well within the broad grant of authority of the Federal Property and Administrative Services Act, 40 U.S.C. § 101 *et seq.* The rule also does not violate the prohibition on arbitrary and capricious agency action in Administrative Procedure Act, 5 U.S.C. § 706. Finally, Plaintiffs' nondelegation claim fails because it is foreclosed by binding Tenth Circuit precedent, among other reasons. *See City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 914 (10th Cir. 2004)

    c. Other Parties:

None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

Defendants are the proper defendants responsible for issuance of the challenged rule.

At the time it filed the complaint, Plaintiff Arkansas Valley Adventure held special use permits pursuant to 16 U.S.C. § 6802(h) with the U.S. Department of Agriculture's Forest Service for the Dillon Ranger District of the White River National Forest, special

recreation permits pursuant to 43 C.F.R. § 2930 *et seq.* from the Department of the Interior's Bureau of Land Management (BLM) for rafting activities on the Upper Colorado River and Eagle River, and for the use of utility terrain vehicles at Wolford Mountain Special Recreation Management Area.

### 5. COMPUTATION OF DAMAGES

Plaintiffs seek only declaratory and injunctive relief.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. March 23, 2022

b. Names of each participant and party he/she represented.
Caleb Kruckenberg and Michael Poon for Plaintiffs.
Taisa Goodnature and Justin Sandberg for Defendants.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Pursuant to Rule 26(a)(1)(B)(i), this matter is exempt from initial disclosures.

Proposed changes, if any, in timing or requirement of disclosures under Fed. R.

Civ. P. 26(a)(1).

N/A

d. Statement concerning any agreements to conduct informal discovery:

The parties agree that this matter should proceed on the certified administrative record without discovery. Defendants anticipate that the certification of and index for the administrative

4

record will be complete and filed with the Court on or before May 1, 2022.[1] The parties further agree that this matter should proceed to summary judgment following such filing. The parties propose that the Court adopt a briefing schedule setting Plaintiffs' deadline to file a motion for summary judgment for June 15, 2022; Defendants' deadline to file a cross-motion for summary judgment for July 30, 2022; Plaintiffs' deadline to file a responsive filing for August 29, 2022; and Defendants' deadline to file a responsive filing for September 28, 2022.  The parties propose that the Plaintiffs file an appendix consisting of the portions of the administrative record that either party cites or on which either party relies in its briefing by October 12, 2022.  The parties will endeavor to agree on the contents of the appendix.  Absent agreement, the Plaintiffs shall serve on the Defendants an initial designation and provide the Defendants an opportunity to designate additional portions of the administrative record, which Plaintiffs shall then include in the appendix.

    e. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

See the preceding answer.

    g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties agree that this case should be decided without discovery and solely on the

---

[1] Although the Department is still compiling the administrative record, it anticipates that the complete administrative record will consist exclusively of materials publicly available on Regulations.gov.  In the event that any materials within the administrative record are not publicly available on that website, Defendants will produce those materials to Plaintiffs when it files the certification and index of the administrative record.

basis of the certified administrative record.

     h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

As a purely legal challenge to an administrative rule issued by Defendants seeking only declaratory and injunctive relief, settlement is unlikely, although the parties remain open to the possibility of informal resolution.

# 7.
# CONSENT

All parties HAVE NOT consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

The parties agree that there is no need for discovery in this matter.

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

N/A

    b.    Limitations which any party proposes on the length of depositions.

N/A

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission

N/A

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

N/A

e.  Other Planning or Discovery Orders

N/A

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

March 30, 2022

b.  Discovery Cut-off:

The parties agree that this matter should be resolved without discovery.

c.  Dispositive Motion Deadline:

The parties agree that this matter should be resolved on cross-motions for summary judgment. They propose the following briefing schedule:

Department's Certification of and Index for the Administrative Record – due May 1, 2022

Plaintiffs' Motion for Summary Judgment – due June 15, 2022

Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment – due July 30, 2022

Plaintiffs' Reply in Support of their Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment – due August 29, 2022

Defendants' Reply in Support of Their Cross-Motion for Summary Judgment – due September 28, 2022

Plaintiffs' Filing of an Appendix Containing Portions of the Administrative Record Cited or Relied on in the Parties' Briefing – due October 12, 2022

      d.      Expert Witness Disclosure

          1.      The parties shall identify anticipated fields of expert testimony, if any.

          The parties do not anticipate the use of any expert witnesses.

          2.      Limitations which the parties propose on the use or number of expert witnesses.

          N/A

          3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 1, 2022.

          N/A

          4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 1, 2022.

          N/A

      e.      Identification of Persons to Be Deposed:

The parties do not anticipate conducting any depositions.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

    _____.

b. A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

8

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   None.

b. Anticipated length of trial and whether trial is to the court or jury.

   The parties anticipate that this case will be resolved on cross-motions for summary judgment.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

   None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may only be altered or amended upon a showing of good cause.

DATED at Denver, Colorado, this 14th day of April, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Caleb Kruckenberg*  
Caleb Kruckenberg  
3100 Clarendon Blvd, Suite 610  
Arlington VA 22201  
202-888-6881  
Attorney for Plaintiffs

*/s/ Taisa M. Goodnature*  
Taisa Goodnature  
Justin Sandberg  
1100 L St. NW  
Washington, DC 20530  
(202) 514-3786  
Attorneys for Defendants